HOLMES F. CROUCH AND IRMA J. CROUCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crouch v. Commissioner
Docket No. 28098-88
United States Tax Court
T.C. Memo 1990-622; 1990 Tax Ct. Memo LEXIS 708; 60 T.C.M. (CCH) 1407; T.C.M. (RIA) 90622; December 12, 1990, Filed *708 An appropriate Order will be issued and Decision will be entered under Rule 155. Alexander F. Eagle III, for the petitioners. Steven J. Sibley, for the respondent. KORNER, Judge. KORNER
*2028 MEMORANDUM FINDINGS OF FACT AND OPINION By notices of deficiency, respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax -- Section [1] *709 Year
Deficiency
6653(a)(1)
6653(a)(1)(A) 6653(a)(2)
1985
$ 8,633 $ 431.65
--
*
1986
19,283
--
$ 964.15
--
Additions to Tax -- Section [1]
Year
Deficiency
6653(a)(1)(B)
6661 1985
$ 8,633 --
$ 2,158.00
1986
19,283
* 4,820.75
Respondent filed two Amendments to Answer in this case. His first amendment asserted additions to tax for fraud. The second amendment increased petitioners' deficiency for 1985. Following concessions, the issues for decision are: (1) whether petitioners erroneously claimed research and development expense deductions for amounts paid in connection with the production of tax guides; (2) whether petitioners are liable for additions to tax for fraud; (3) whether petitioners are liable for additions to tax for negligence; and (4) whether petitioners are liable for additions to tax for substantial understatement of tax. Our Findings of Fact and Opinion are combined below. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached are incorporated herein by this reference. Petitioners were residents of Saratoga, California, when they filed their petition in this case. The issues of this case have altered *710 over the course of its procedural development. Respondent's notices of deficiency made the following determinations against petitioners: 1985: research and development credit, research and development expenses, carryover charitable contribution deduction, additions to tax for negligence, and addition to tax for substantial understatement. 1986: research and development expenses, carryover charitable contribution deduction, additions to tax for negligence, and addition to tax for substantial understatement. Respondent's Amendments to Answer raised the issue of fraud, for both years, and increased the determined deficiency arising from petitioners' claimed 1985 research and development expenses. Trial of this case was held on December 5, 1989. At trial, petitioners conceded the carryover charitable contribution items for 1985 and 1986, as well as the 1985 research and development credit. Additions to tax relating to these items were not conceded. *2029 On June 20, 1990, this Court issued its Opinion in Crouch v. Commissioner, T.C. Memo. 1990-309 (hereinafter Crouch I). Crouch I addressed deficiencies in and additions to petitioners' 1978 *711 and 1980 through 1983 Federal income taxes. The issues decided by Crouch I were very similar to the present case. As a result, on August 20, 1990, we issued an Order to Show Cause, asking the parties to demonstrate why the present case should not be decided on the same grounds as Crouch I, to the extent the same issues were involved. In reply to our Order, respondent stated that "there is no reason why the instant case should not be decided on the same grounds" as Crouch I. Petitioners objected to our following Crouch I with regard to certain aspects of the additions to tax for negligence and substantial understatement. In all other respects, petitioners also did not object to our entering a decision consistent with Crouch I. [2]
Given the procedural posture of this case, as well as its substantial factual overlap with Crouch I, an extensive discussion is unnecessary. We hereby adopt and incorporate our Findings *712 of Fact and Opinion in Crouch I, as they apply to the same substantive issues herein. Like Crouch I, this case involves two distinct activities of petitioner Holmes F. Crouch (petitioner): his plan to author and sell income tax guidebooks, and his attempted withdrawal from the Social Security system. Detailed discussions of both activities are contained in Crouch I. Petitioner's authorship endeavor began in 1980. He was a professional tax preparer and planned to write a 25-title series of income tax guides in his spare time. The project took a number of forms. In 1981 he produced several prototype first editions. These were not well received by prospective publishers. In 1983 he altered his models, in an attempt to make them more salable. This effort also proved unsuccessful. During the years at issue, petitioner further revised the models. He converted the previously bound books into looseleaf editions, thereby allowing easy supplementation. He also began the process of transferring the contents of his books onto computer disks. The research and development expenses disallowed by respondent for the years at issue were claimed as expenses for the setting-up and printing *713 of petitioner's third set of sample books. The 1985 research and development credit, carried over from 1984, was also apparently related to this activity. In Crouch I we decided that prepublication expenditures claimed by petitioners were not deductible. We find our reasoning in that case equally applicable to the present matter. Accordingly, and consistent with the parties' responses to our Order to Show Cause, we hold for respondent on this issue. Petitioners, as in Crouch I, have conceded the research and development credit item. Petitioner's second activity at issue herein is his attempted withdrawal from the Social Security system. In Crouch I this activity contributed to the determined deficiencies both because of petitioners' failure to pay self-employment taxes, and because they attempted to deduct, as a charitable contribution, the value of petitioner's renounced Social Security benefits. There is no self-employment tax issue in this case. Petitioners have conceded the charitable contribution items. Additions to tax related to the claimed charitable contributions, as well as the authorship activity items, remain for resolution. Additions to tax for fraud were *714 asserted by Amendment to Answer. Respondent asserted that petitioners fraudulently and with the intent to evade tax deducted their claimed charitable contributions. In Crouch I we concluded that respondent had failed to carry his burden to prove fraud. See Rule 142(a). Based on the record of this case, and, once again, in accordance with the parties' responses to our Order to Show Cause, we likewise hold for petitioners on this issue herein. We next address the additions to tax for negligence. For the years at issue, two negligence additions may be imposed: one addition applies if any part of an underpayment is attributable to negligence (section 6653(a)(1) for 1985, 6653(a)(1)(A) for 1986) and the other applies only to the portion of the underpayment attributable to negligence (section 6653(a)(2) for 1985, 6653(a)(1)(B) for 1986). Because of the item-by-item findings required by the latter additions, we will address the question of negligence with regard to each item of the deficiencies. In Crouch I we decided that petitioners were not negligent when they claimed prepublication research and development expenses. The parties do not contest this holding, or its applicability *715 to the years presently at issue. Neither do we. We hold for petitioners on this issue. The issue of negligence with regard to the 1985 research and development credit, however, cannot be similarly decided. In Crouch I we held for petitioners on this issue. However, in Crouch I respondent had the burden of proof on this item. As we stated: Since respondent affirmatively alleged the additions to tax under section 6653(a)(2), respondent is not entitled to this addition *2030 with respect to the items conceded by petitioners, since he failed to prove that petitioners' claiming of such deductions or credits was due to negligence. [Crouch v. Commissioner, T.C. Memo. 1990-309, 59 P-H Memo T.C. par. 90,309 at 1469, 59 T.C.M. 938, 951.] We cannot likewise hold for petitioners herein. As in Crouch I, petitioners in this case conceded the deficiency arising from this item. However, unlike Crouch I, it is petitioners who bear the burden of proof on the negligence item herein. See Rule 142(a). They have simply failed to carry that burden: insufficient explanation of the bases for this credit appears in the record before us. As a result, we cannot *716 state that petitioners were not negligent with regard to this item. We therefore hold for respondent on this issue. [3]
We next address the claimed charitable deductions. In Crouch I we upheld the negligence additions with regard to this item. The deductions presently at issue are carried over from the years decided in Crouch I. Nonetheless, in their response to our Order to Show Cause, petitioners oppose our entering a similar decision. We have examined petitioners' arguments on this issue and find them meritless. As we stated in Crouch I, there was no reasonable basis for petitioners' claimed deductions. Accordingly, the negligence additions are properly imposed. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Finally, petitioners contest imposition of the section 6661 additions to tax for substantial understatement. Specifically, they argue that section 6661 *717 should not be applied to a carryover item from 1981 since 1981 predates that statute and, as a result, petitioners had no opportunity to satisfy the adequate disclosure exception. We disagree. As we have already discussed in Crouch I, petitioners could have adequately disclosed their return positions in the carryover years. [4] They did not. Neither was there substantial authority for these return positions. As a result, as we held in Crouch I, the charitable contribution deficiencies are "understatement" items for purposes of section 6661. Classification of the remaining deficiency items for purposes of this addition to tax are not disputed by the parties, and we accordingly follow our Opinion in Crouch I with respect to these items. Whether or not the resulting "understatements" are "substantial," see sec. 6661(b)(1), will be resolved by the parties' computations, to be filed in accordance with this Opinion. *718 An appropriate Order will be issued and Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩
2. Petitioners nonetheless expressly reserved their right to all post-trial remedies and appeal.↩
3. We do not construe this holding to be in any way inconsistent with Crouch I, or the parties' agreement to follow it.↩
4. Sec. 1.6661-4(d), Income Tax Regs., does not support petitioners' position on this issue. That regulation states that carryover and carryback items originally attributable to a return to which sec. 6661 applies can only be adequately disclosed on the original year's return. Since petitioners' charitable contribution is attributable to a year not covered by sec. 6661, sec. 1.6661-4(d)↩ of the regulations did not constrain their adequate disclosure.